## POTTER v. McFARLAND.
### No. 6233.

Circuit Court of Appeals, Ninth Circuit.

Oct. 27, 1930.

Knight, Boland & Christin, of San Francisco, Cal., for appellant.

Arthur Frame, of Clovis, Cal., and Samuel F. Hollins, of Fresno, Cal., for appellee.

RUDKIN, Circuit Judge.

This was an action by one Smallin, as plaintiff, against the receiver of the Stewart Fruit Company, as defendant, to recover the value of a quantity of grapes alleged to have been sold and delivered by the plaintiff to the defendant as such receiver. There was a second cause of action, based upon a claim of a similar nature assigned to the plaintiff by one Beall, but the facts and rules of law applicable to both causes of action are the same. Smallin died during the pendency of the action, and the administrator of his estate was substituted in his place and stead. From a judgment on a verdict in favor of the plaintiff, the defendant has appealed.

Briefly stated, the facts are as follows: March 2, 1926, in a certain suit wherein the First National Bank of Medford, Or., was plaintiff, and the Stewart Fruit Company, a corporation, was defendant, an order was made appointing one Patterson as receiver of the fruit company, and by such order the receiver was authorized and directed to operate, manage, and control the business and assets of the fruit company in such manner as in his judgment would produce the best results, so that the same might be continued in operation as a business unit. August 2, 1926, Patterson was discharged as receiver and the appellant Potter was substituted in his place, with the like power and authority. At the time of the appointment, the receiver apparently took over the organization of the fruit company and the conduct of its business. At that time one Hays was district agent for the fruit company and continued to act in the same capacity under the receiver. The agreement out of which the present litigation arose was between this district agent on the one side and Smallin and Beall on the other. There was testimony tending to show that Smallin and Beall refused absolutely to consign through the fruit company; that the district agent then represented to them that the grapes had already been sold at a fixed price; and that, upon this representation or assurance, delivery was made to the fruit company for shipment. This testimony was denied by the district agent; but the issue of fact thus presented was for the jury.

The main contention of the appellant is that the district agent had no authority, actual or ostensible, to make any such representation or promise on his behalf. It may be conceded that the testimony fails to show actual authority, but we think a finding of apparent or ostensible authority was warranted. 1 Mechem on Agency (2d Ed.) 178. The district agent admitted that he had frequently purchased grapes for the fruit company on similar terms before the appointment of the receiver; and after the receiver

took over the property and organization of the fruit company the agent possessed the same authority as before, unless his authority was limited by the court or by the receiver. True, the agent testified that he was without authority, except to accept grapes on consignment, and that the court had so limited the authority of the receiver himself; but the receiver was not called as a witness, no order of court was offered or presented, and the jury, by their verdict, having discredited the agent on the main question at issue, was under no obligation to accept his uncorroborated testimony, either as to his own authority or as to the authority of the receiver under whom he was acting. Believing, therefore, that the question of the authority of the agent was properly submitted to the jury, the judgment is affirmed.